NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3060

UNITED STATES OF AMERICA

v.

JAMES LEWIS MOORE,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-07-cr-00408-001)
District Judge: Honorable James F. McClure

Submitted Under Third Circuit LAR 34.1(a)
March 24, 2010

Before: RENDELL, AMBRO, and FUENTES, Circuit Judges

(filed: April 6, 2010)

OPINION

AMBRO, Circuit Judge

James L. Moore pled guilty to receiving and distributing child pornography, in

violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). The District Court sentenced Moore to

120 months' imprisonment. Moore challenges his sentence, arguing that it was

substantively unreasonable because the District Court afforded undue deference to the child pornography Sentencing Guidelines. We disagree and therefore affirm.

I.

A child pornography investigation conducted by Australian authorities led to the FBI's discovery of an individual in Florida using the screen name "gekiblue," who had been sending images of child pornography via the internet to an individual in Williamsport, Pennsylvania, who was using the screen name "outlawjessjames." The computer of the user with the screen name "outlawjessjames" was traced via administrative subpoena to an address in Williamsport, and when FBI agents went to the address they found Moore there. He voluntarily spoke with the agents, and during the interview admitted that he had engaged in online chats with, and received child pornography from, "gekiblue."

Moore consented to a search of his computer, and an analysis of the computer revealed 321 images of child pornography, 235 of which had been received from "gekiblue." These images were virtually all of minors under the age of twelve engaging in sexually explicit conduct. The images also included portrayals of sadistic conduct whereby babies were physically restrained. The computer analysis revealed also that Moore had sent photos to "gekiblue," several of which contained child pornography.

A grand jury returned a three-count indictment charging Moore with receipt, distribution, and possession of child pornography, and Moore pled guilty to the receipt and distribution counts. Moore's range under the Sentencing Guidelines was 135 to 168

2

months' imprisonment, but his counsel argued for the mandatory minimum sentence of five years,[1] contending that Moore had never engaged in any violent or predatory behavior and that the sentencing enhancements in the child pornography Guidelines were not based on scientific or empirical data.  The District Court considered and rejected Moore's arguments, considered the 18 U.S.C. § 3553(a) sentencing factors, and sentenced Moore to 120 months' imprisonment.  Moore now appeals that sentence.[2]

## II.

The Sentencing Guidelines are now advisory only.  *United States v. Booker*, 543 U.S. 220, 246 (2005).  In *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), we provided sentencing judges with a three-step process for determining the appropriate sentence to impose on a defendant:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

---

[1]The receipt and distribution counts each carried a mandatory minimum sentence of five years' imprisonment, but following argument concerning whether the five-year terms would run consecutively or concurrently, the District Court concluded that it had the authority to run the mandatory minimums "concurrent with each other," and therefore the effective mandatory minimum in this case was five years.

[2]The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over Moore's challenge to his sentence under 18 U.S.C. § 3742(a), as well as under 28 U.S.C. § 1291.

(3) Finally, they are required to exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*Gunter*, 462 F.3d at 247.

A district court's sentencing decision is reviewed for abuse of discretion, *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc), and indeed, "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). "As an appellate court, our role is two-fold." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553 factors." *Gall*, 552 U.S. at 51. Second, we "consider the substantive reasonableness of the sentence imposed . . . ." *Id.* "For a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). In this analysis, "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218.

### III.

Moore does not contend that the District Court committed procedural error, nor do we conclude that it so erred. The Court correctly calculated Moore's Guidelines range,

made clear that the Guidelines were advisory, considered and rejected Moore's arguments for a lesser sentence, considered the § 3553(a) factors,[3] and imposed a sentence 15 months below the low end of the Guidelines range. Instead, Moore's contention is that the sentence was substantively unreasonable because, in imposing the sentence, the District Court afforded undue deference to the child pornography Guidelines, U.S.S.G. § 2G2.2. Moore argues that because these Guidelines were formulated on the basis of statutory directives, and not empirical data and national experience, the District Court should have afforded them no deference, thus abusing its discretion by using them as a starting point for Moore's sentence.

While we have stated that "sentencing courts may disagree with the Guidelines based on policy," *United States v. Thielemann*, 575 F.3d 265, 272 n.12 (3d Cir. 2009) (citing *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *Spears v. United States*, 129 S. Ct. 840, 843 (2009)), nothing in our precedent *requires* district courts to afford lesser deference to Guidelines that are not based on scientific or empirical data. *Kimbrough* held only that when a Guideline is based on statutory directives, as opposed to "empirical

---

[3]The District Court concluded that the seriousness of the offense and the need to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes all indicated that a "significant[ly] serious" sentence was appropriate, because many of the images were of very young children and several of them showed sadistic and masochistic conduct involving physical restraints being used on the children. On the other hand, the District Court concluded that Moore's personal history and characteristics counseled toward a lesser sentence, given that the criminal conduct occurred over a short period of time, there was no evidence that Moore had ever exhibited violent or predatory behavior, and he had a very limited earning capacity because he was solely dependent on Social Security disability income for 20 years.

5

data and national experience," a court *may choose* to afford that Guideline less deference. 552 U.S. at 109. It did not hold that a sentencing court *must* vary from the Guidelines under such circumstances.

Moore relies heavily on *United States v. Grober*, 595 F. Supp. 2d 382 (D.N.J. 2008), in which the Court concluded, based on policy considerations, that "the present guideline, § 2G2.2, must be given less deference than the guidelines traditionally demand." *Id.* at 412. The *Grober* Court was free to exercise its discretion in that way. However, there is no authority for the proposition that a district court's reliance on a Guideline that is based on statutory directives to fashion a sentence makes that sentence substantively unreasonable. Here, the District Court explicitly considered *Grober*, expressed disagreement with its reasoning, distinguished it on its facts (noting that in *Grober* the Guidelines range included the statutory maximum, which likely caused the Court to scrutinize the child pornography Guidelines more closely), and rejected Moore's argument. The District Court here was free to exercise its discretion in this way, just as the *Grober* Court was free to exercise its discretion in the way it did.

In short, where a sentence is otherwise reasonable, "no justification exists for reversing the District Court because of its reliance on a currently valid Guideline." *Thielemann*, 575 F.3d at 272 n.12. Nothing in this record convinces us that Moore's sentence was substantively unreasonable, especially as it was more than a year below the low end of his Guidelines range.

\*  \*  \*  \*  \*

In this context, we hold that Moore's sentence of 120 months was reasonable, and that the District Court did not abuse its discretion in imposing this below-Guidelines sentence. Thus, we affirm.